Learned, P. J.
This is an appeal from an order made December fourth, denying a motion to correct a decision to cancel a docket of judgment, etc. Most of the facts have been stated.in the opinion given at this term on another motion in this case.
The object of this motion was to correct the judgment entered October eighth, after defendant had failed to answer in the five days allowed by the judgment' of September twenty-fifth. This judgment of October eighth, was not entered, as it appears, on any application to the court at that time. It was entered on the authority of the previous judgment of September twenty-fifth. But under section 1021 that judgment could not direct a final judgment, and it did not attempt to specify the judgment to be entered.
We have already said in our previous opinion that under section 1200, this is not a final judgment, and that under section 1021, a final judgment could not be rendered because there could not be a severance, and other, issues existed. Section 3232 does not apply because the issues of law and fact are not between the same parties.
*711 It would seem that only a part of the mortgage debt is payable, and hence there must be a reference to see whether the property can be sold in parcels, etc, Section 1636.
It may not be productive of any evil for the plaintiff in such a case to enter what he may call an interlocutory judgment, in order to show that the defendant’s privilege of answering is at an end, although this is perhaps unnecessary; for the defendant’s default for not answering in the five days is like the default for not answering in twenty days from service of answer and complaint. If there are other defendants, the plaintiff waits until all are in default, and then takes the proper judgment. See sections 1214 and 1221.
We think, therefore, that the order appealed from should be reversed, with ten dollars costs and printing disbursements, and the motion of the defendant granted, with ten dollars costs.
Ingalls and Landon, JJ., concur.